UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE SMITH THEN,                )
                                  )
            Plaintiff,            )   Case No. 3:15-cv-00173-TC
                                  )
       v.                         )   REPORT AND RECOMMENDATION
                                  )
CAROLYN L. COLVIN,                )
Commissioner of Social Security,  )
                                  )
            Defendant.            )
_____)

Lisa R.J. Porter
JP Law PC
5200 SW Meadows Rd., Suite 150
Lake Oswego, OR 97035
    Attorney for Plaintiff

Billy J. Williams
United States Attorney, District of Oregon
Janice E. Hebert
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Lisa Goldoftas
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104
    Attorneys for Defendant

**COFFIN, Magistrate Judge:**

Plaintiff Janice Then ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be affirmed and this case should be dismissed.

## DISCUSSION

Plaintiff challenges the ALJ's decision, claiming that he erred by: (1) rejecting her subjective symptom testimony; (2) failing at step two to find her fibromyalgia and headaches to be severe; (3) failing to support his opinion with substantial evidence in light of new evidence submitted to the Appeals Council; and (4) finding at step four that plaintiff could perform her past work as a caseworker and caseworker supervisor.

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Orn, 495 F.3d at 630; see also Bray, 554 F.3d at 1226-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

I.      Plaintiff's Testimony

Plaintiff first argues that the ALJ improperly rejected her testimony regarding her symptoms. Plaintiff testified that she suffers from headaches and fibromyalgia. In pertinent part, she stated that she experiences regular physical pain and that she can only sit for five minutes before experiencing throbbing pain. Tr. 64, 65, 896.

The ALJ can reject a claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035–36 (9th Cir. 2007). The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r, 359 F.3d 1190, 1197 (9th Cir. 2004). Here, the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of her limitations.

First, the ALJ noted that plaintiff's activities of daily living contradicted her testimony. In evaluating a claimant's credibility, the ALJ may consider inconsistencies between a claimant's testimony and her activities of daily living. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). Here, the ALJ noted that despite plaintiff's complaints of physical pain, she was

Page 3 – REPORT AND RECOMMENDATION

regularly able to walk, swim, and perform therapeutic exercises. Tr. 13-14, 276. Treating physician Prathima Reddy, M.D. indicated in May, 2012 that plaintiff was able to exercise daily and walk up to a quarter mile. Tr. 276. Further, despite plaintiff's testimony that she can only sit for five minutes before experiencing throbbing pain, the ALJ noted that she was able to prepare for a move that required a long road trip, and sit on an airplane from Portland, Oregon to Gainesville, Florida. Tr. 13-14, 64-65, 896. These activities belie plaintiff's testimony regarding her symptoms and limitations, and it was reasonable for the ALJ to assign less weight to plaintiff's testimony based upon these apparent inconsistencies. Molina, 674 F.3d at 1112.

Next, the ALJ found that plaintiff's testimony was contradicted by the objective medical evidence in the record. The ALJ may consider objective medical evidence and the claimant's treatment history, as well as observations of physicians with personal knowledge of the claimant's functional limitations, in assessing a claimant's credibility. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Here, while plaintiff testified to difficulty gripping with her right hand, examining physician Robert Greenburg, M.D., noted in February, 2012 that plaintiff had normal grip strength and normal fine manipulation skills. Tr. 14, 79-80, 94, 840-41, 868-69. Similarly, despite plaintiff's assertion that she could only stand for five to ten minutes and walk a half mile very slowly, Dr. Greenburg opined that plaintiff had normal gait and station, and normal motor strength in her lower extremities. Tr. 14, 75-76, 841. On this record, the Court finds that the ALJ provided a second clear and convincing reason for rejecting plaintiff's testimony. Smolen, 80 F.3d at 1284. The ALJ's credibility evaluation is based on substantial evidence in the record and should be affirmed.

Page 4 – REPORT AND RECOMMENDATION

II.  Step Two Findings

Plaintiff next argues that the ALJ erred because he failed to find her fibromyalgia and headaches to be severe at step two in the sequential disability analysis. Tr. 7. The ALJ resolved step two in plaintiff's favor, finding that plaintiff has the severe impairments of degenerative disc disease and myofascial pain of unknown etiology. Tr. 7. Because step two was resolved in her favor, any error in neglecting to mention plaintiff's alleged conditions was harmless if all of her impairments were considered in the residual functional capacity ("RFC"). Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) (once step two is resolved in the claimant's favor, the only issue is whether the treatment records establish any work-related limitations incompatible with the ALJ's ultimate decision).

The step two inquiry is a de minimis screening device used to dispose of groundless claims. Smolen, 80 F.3d at 1290. At step two, a claimant must present evidence of an impairment which is so severe that it "significantly limits [a plaintiff's] physical and mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Where the plaintiff meets the de minimis threshold, the ALJ continues with the sequential analysis, considering the effect of all of the claimant's impairments, whether severe or non-severe. SSR 968p, 1996 WL 350482. Reversible error occurs only when a severe impairment excluded at step two causes functional limitations not accounted for in the RFC. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

A. Headaches

Regarding her headaches, plaintiff does not identify any credible, associated limitations that were omitted from the RFC; therefore any error in neglecting to mention this condition was harmless. Hoopai, 499 F.3d at 1076. The evidence of headaches in the record consists of plaintiff's testimony, treatment notes from chiropractor Michael Faas, M.D., and a chart note

from David Black, M.D. As discussed above, the ALJ properly rejected plaintiff's testimony. While Dr. Black noted that plaintiff complained of migraine headaches, he stated that they were "controlled with present medical regimen" and followed through a pain clinic." Tr. 8, 15, 248.

Finally, although Dr. Faas noted complaints of headaches, the ALJ rejected his opinion. Tr. 15, 291-301. The ALJ may reject a medical opinion predicated on the subjective reports of a claimant found not credible. Bray v. Comm'r, 554 F.3d 1219, 1228 (9th Cir. 2009). While plaintiff complained to Dr. Faas of severe headaches after the alleged onset date, the ALJ was entitled to reject Dr. Faas's documentation of her complaints because plaintiff was properly found not credible. Bray, 554 F.3d at 1228.

In sum, because the ALJ need not incorporate limitations into the RFC that he finds not credible, any error at step two in failing to find plaintiff's headaches to be severe was harmless. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

B. Fibromyalgia

Plaintiff also challenges the ALJ's failure to find her fibromyalgia to be severe at step two. The ALJ considered plaintiff's claims of fibromyalgia but reasonably concluded that the evidence presented did not satisfy the criteria for SSR 12-2p. Tr. 8-9, 68-69, 173. Specifically, the ALJ noted that no acceptable medical source in the record diagnosed fibromyalgia. Tr. 8-9. While plaintiff alleges that the opinion of Dr. Faas establishes fibromyalgia as a severe impairment, she concedes that his records did not identify fibromyalgia.[1] Tr. 8-9, 283. Further, as discussed above, the ALJ was entitled to reject Dr. Faas's documentation of plaintiff's subjective complaints because he properly rejected plaintiff's credibility. Bray, 554 F.3d at

---

[1] Moreover, as a chiropractor, Dr. Faas is an "other" medical source under the Regulations.

Page 6 – REPORT AND RECOMMENDATION

1228. Similarly, the notes of treating physician Prathima Reddy, M.D., do not establish fibromyalgia under the 1990 ACR Criteria. See SSR 12-2p at *43641; Tr. 8, 874.

Plaintiff also argues that the ALJ failed to develop the record because Dr. Reddy's opinion was ambiguous. The Court disagrees. The ALJ's duty to develop the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011). Here, Dr. Reddy identified trigger points, as opposed to tender point sites, in his fibromyalgia evaluation. Tr. 9, 848, 898. The ALJ did not err in failing to further develop the medical record.

The ALJ considered the medical record and concluded that because no acceptable medical source properly diagnosed fibromyalgia, it was not a medically determinable impairment sufficient to meet the standard at step two. The Court should affirm this reasoning. Further, because the ALJ incorporated plaintiff's credible limitations into the RFC because he found her to have the severe impairment of myofascial pain of unknown etiology, any error in the ALJ's step two findings was harmless. Tr. 7; Bayliss, 427 F.3d at 1217.

III.   Step Four Findings

Plaintiff next argues that the ALJ erred at step four because he found that plaintiff was capable of performing her past work. Based on his evaluation of the medical record, the ALJ assessed plaintiff's RFC and determined that plaintiff could perform light work with the following limitations: she can stand and walk four out of eight hours; she can occasionally climb ramps or stairs; she must never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she has no manipulative limits; and she must avoid concentrated exposure to loud noise and vibration. Tr. 9. At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a caseworker and caseworker supervisor, as generally

Page 7 – REPORT AND RECOMMENDATION

performed. Tr. 16. The Court finds that the ALJ provided a reasonable interpretation of the evidence in the record regarding plaintiff's limitations, which the court should not disturb. Burch, 400 F.3d at 679 (if the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld).

IV.     New Evidence Submitted to the Appeals Council

Plaintiff argues, finally, that the ALJ's decision was not supported by substantial evidence because he did not consider new evidence submitted to the Appeals Council. Plaintiff submitted new evidence to the Appeals Council following the ALJ's decision of January 29, 2014. Tr. 16. On review, this Court has a duty to consider the entire record before it, including new evidence submitted to the Appeals Council and made part of the overall administrative record. "When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Commissioner, 682 F.3d 1157, 1162–63 (9th Cir.2012); see also Tackett v. Apfel, 180 F.3d 1094, 1097–98 (9th Cir.1999) (a court reviewing the Commissioner's decision must consider the record as a whole).

The Court has considered the record as a whole and concludes that the new evidence submitted to the Appeals Council on December 12, 2014, does not provide a basis for changing the ALJ's decision. The new evidence consists of chart notes dated prior to the ALJ's decision, documenting tender point assessments, fibromyalgia pain, and myofascial pain. Tr. 29, 33, 213-17, 900-28, 910-11. As discussed above, the ALJ found plaintiff's myofascial pain to be severe at step two and formulated an RFC to accommodate its associated limitations.

Page 8 – REPORT AND RECOMMENDATION

## RECOMMENDATION

In sum, the ALJ adequately discussed the reasons underlying his RFC assessment, and addressed and resolved conflicts and ambiguities in the medical record and other record evidence in a manner sufficient to meet the requirements of the Regulations. Thus, the decision that Plaintiff is not disabled is supported by substantial evidence in the record and should be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16th day of March, 2016

Thomas M. Coffin
United States Magistrate Judge